UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| U S BANK NATIONAL ASSOCIATION | CASE NO. 6:20-CV-01315 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| KIMBLE DEVELOPMENT LOUISIANA L L C | MAGISTRATE JUDGE CAROL B. WHITEHURST |

### MEMORANDUM RULING

Presently before the Court is the Motion for Summary Judgment Against Defendant [ECF No. 31] filed by U.S. Bank National Association, as Trustee for Morgan Stanley Bank of America Merrill Lynch Trust 2014-C18, Commercial Mortgage Pass-Through Certificates, Series 2014-C18 ("U.S. Bank" or "Plaintiff"). Defendant Kimble Development Louisiana, LLC ("Kimble" or "Defendant") opposes the motion. For the reasons set forth below, the Court GRANTS the motion.

### I.
### BACKGROUND

This case involves a 2014 loan transaction (the "Loan") in which Kimble executed a promissory note, loan agreement, and mortgages. Kimble executed a promissory note dated September 2, 2014 (the "Note") in the original amount of $28,500,000.00 that is payable to the order of Bank of America, N.A.[1] Plaintiff is the current holder of the Note.[2] Kimble also executed a loan agreement (the "Loan Agreement") dated September 2, 2014.[3] To secure the amounts due under the Loan, Kimble executed fifteen mortgage documents (the "Mortgages") that granted mortgages on certain immovable property (the "Immovable Property") and UCC security interests

---

[1] *See* Affidavit of Javier Callejas, Exhibit A to ECF No. 31 at ¶ 2, and Exhibit 1 attached thereto.
[2] *Id.* at ¶ 3.
[3] *Id.* at ¶ 5, and Exhibit 2 attached thereto.

1

in certain movable property (the "Movable Property").[4] The Mortgages were recorded and created a first lien on the Immovable Property.[5]

The Loan Agreement and the Mortgages define an "event of default" to include a failure to make any payment due under the Loan or to pay the balance due on or before the maturity date.[6] Upon a default, Kimble agreed that U.S. Bank could take any action that it deemed advisable to protect and enforce its rights with respect to Kimble and the property subject to the Mortgages.[7] The Loan was irrevocably and unconditionally guaranteed by Michael D. Kimble and Mitchell W. Kimble (the "Guarantors"), who executed a guaranty agreement dated September 2, 2014 (the "Guaranty").[8]

The Note and the Mortgages were assigned to U.S. Bank for the benefit of the original lender pursuant to written assignments dated September 30, 2014.[9] As a result, U.S. Bank contends that it is entitled to enforce the Note and Mortages for the benefit of the lender. The summary judgment record shows that Kimble is in default under the terms and conditions of the Loan Agreement and the Mortgages because, among other things, it failed to pay the balance due on the Loan in full prior to the October 1, 2019 maturity date of the Loan.[10] U.S. Bank's summary judgment evidence shows that it made a demand on Kimble for the amounts due under the Loan in letter dated January 8, 2020.[11] This evidence further shows that, to date, Kimble has failed to pay the balance due under the Loan.[12]

---

[4] *Id.* at ¶ 7, and Exhibit 3 attached thereto.
[5] *Id.* at ¶ 8 and Exhibit 3 attached thereto.
[6] *Id.* at ¶ 11, and Exhibit 3 attached thereto at Section 7.1.
[7] *Id.* at ¶ 12, and Exhibit 3 at Section 8.1.
[8] *Id.* at ¶ 13, and Exhibit 5 attached thereto.
[9] *Id.* at ¶ 14, and Exhibit 6 attached thereto.
[10] *Id.* at ¶ 16.
[11] *Id.* at ¶ 17 and Exhibit 7 attached thereto.
[12] *Id.* at ¶ 19.

U.S. Bank commenced the present case by filing its Verified Complaint against Kimble on October 8, 2020.[13] In this case, U.S. Bank seeks to enforce the Note and the Mortages. Kimble filed an answer to Plaintiff's Verified Complaint on December 7, 2020.[14] U.S. Bank then requested appointment of a receiver to administer the Immovable Property, and the Court entered an agreed order appointing a receiver on November 24, 2020.[15] U.S. Bank has now filed the pending Motion for Summary Judgment seeking a judgment on the amounts due under the Note on the ground that there is no genuine issue of material fact on any issue in the case.

## II.
## LAW AND ANALYSIS

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[16] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[18] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[19]

---

[13] ECF No. 1.
[14] ECF No. 23.
[15] ECF No. 22.
[16] Fed. R. Civ. P. 56(a).
[17] *Id.*
[18] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[19] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[20] "Credibility determinations are not part of the summary judgment analysis."[21] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[22]

Kimble has opposed the Motion for Summary Judgment but does not dispute that it executed the Note and the Loan Agreement and is a party to those contracts. As such, under Louisiana law, the Note and the Loan Agreement are binding and enforceable against Kimble.[23] These contracts are part of the summary judgment record. Kimble also does not dispute that the Note and Mortgages were assigned to U.S. Bank for the benefit of the lender. Accordingly, it is undisputed that U.S. Bank is the current holder of the Note and thus entitled to enforce the Note and the Mortgages. Further, Kimble does not dispute that it granted a mortgage on the Immovable Property and UCC security interests in the Movable Property to secure the amounts due under the Note. Nor does Kimble dispute that U.S. Bank recorded and perfected the mortgages and security

---

[20] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[21] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[22] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catlett*, 477 U.S. 317, 322 (1986)).
[23] *See Am. Bank v. Saxena*, 553 So. 2d 836, 842 (La. 1989) (under Louisiana law, unless specifically denied in pleadings, each signature on an instrument is admitted and holder thus makes out case by mere production of instrument); *Dulin v. Levis Mitsubishi, Inc.*, 836 So. 2d 340, 345 (La. App. 1 Cir. 12/20/02) ("A person who signs a written contract is presumed to know its contents and cannot avoid its obligations by contending he did not read it or that it was not explained or that he did not understand it"); *Griffin v. Lago Espanol, L.L.C.*, 808 So. 2d 833, 840 (La. App. 1 Cir. 2/15/02); *Boh Bros. Constr. Co. v. Price*, 800 So. 2d 898, 902 (La. App. 4 Cir. 8/29/01).

interests.[24] Accordingly, under Louisiana law, U.S. Bank holds valid and enforceable mortgages and security interests in the Immovable Property and Movable Property.[25] Finally, Kimble does not dispute that it breached the Note and the Loan Agreement by, among other things, failing to pay the amounts due under the Note on or before the maturity date, and that Kimble failed to cure that default by paying the balance owed.

Kimble's only argument opposing summary judgment is that there are genuine issues of material fact regarding the amounts due under the loan obligations. But Kimble fails to support this argument with competent summary judgment evidence. Instead, Kimble argues that the Affidavit of Mr. Javier Callejas filed by U.S. Bank cannot support summary judgment. In his affidavit, Callejas testifies about, among other things, the execution of the loan documents (including the Note and the Mortgages), U.S. Bank's efforts to perfect its mortgages and security interests, the terms of the loan documents, Kimble's default, and the amounts due under the loan documents.[26] Kimble does not dispute any of the pertinent facts set forth in the affidavit or the exhibits to the affidavit. Rather, Kimble argues that the affidavit is not based upon Mr. Callejas' personal knowledge. The court disagrees.

Rule 56(c)(4) of the Federal Rules of Civil Procedure requires that an affidavit or declaration submitted to support or oppose summary judgment "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." While an affidavit or sworn declaration may state that

---

[24] The summary judgment record shows that the Mortgages were recorded in the parishes and county where the Immovable Property is located to create a first lien on that property. With respect to the Movable Property, U.S. Bank filed Financing Statements.

[25] *See* La. Civ. Code art. 3287 (conventional mortgages are established by contract); La. Civ. Code arts. 3338, 3347 (instruments establishing real rights in immovables are effective as to third persons upon recordation); La. R.S. 10:9-201 (security agreement is effective pursuant to its terms); La. R.S. 10:9-203 (attachment of security interest provides secured party with rights to the collateral) 10:9-310 (security interest is perfected through filing of financing statement).

[26] ECF No. 31-2.

it is based on personal knowledge, there is no requirement that an affiant or declarant affirmatively state the basis for their personal knowledge. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (citations omitted). Whether an affiant has personal knowledge as to an affidavit's contents can be reasonably inferred when the contents are within the affiant's "sphere of responsibility." *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 198 (5th Cir. 2018) (citing *DIRECTV*, 420 F.3d at 530).

The contents of Callejas' Affidavit reflect that it is based on his personal knowledge. Specifically, Callejas testifies that he is the asset manager assigned to manage the Loan while it is in default.[27] Callejas testified that he reviewed the pertinent documents and communicated with Kimble about the amounts required to bring the loan current.[28] Callejas testified that he reviewed the pertinent books and records of the loan account before attesting to the amount owed by Kimble.[29] Accordingly, Callejas' testimony demonstrates that the matters covered by his affidavit were within his "sphere of responsibility."

Kimble also points to an alleged discrepancy between the amounts set forth in the Verified Complaint and Callejas' Affidavit. U.S. Bank, however, responds that the difference between the amounts in the Verified Complaint and the affidavit reflect the accrual of additional interest, fees, and costs during the 195 days between the filing of the complaint and the motion for summary judgment.[30] The affidavit and its exhibits support U.S. Bank's explanation.[31] Again, Kimble does not come forward with any competent summary judgment evidence to support its position.

---

[27] ECF No. 31-2.
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*

Based upon the foregoing, the Court finds there is no genuine issue of material fact on any of the issues raised by Plaintiff and will grant the Motion for Summary Judgment filed by Plaintiff. A separate Judgment will be entered.

THUS DONE in Chambers on this 23rd day of September, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE